UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROYAL SUN ALLIANCE INSURANCE PLC,

                        Plaintiff,                    09 CV 5586 (RPP)

      - against -

                                                                             **OPINION AND ORDER**

TA OPERATING LLC,

                        Defendant.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

Defendant TA Operating LLC ("TA") moves for leave to amend its answer and to implead third-party defendants. Plaintiff Royal Sun Alliance Insurance PLC ("Royal Sun") opposes the impleading of the third party defendants.

### I. Background

For the reasons stated at the March 1, 2010 teleconference, the motion for leave to implead is denied with respect to the unnamed "John Doe" defendants, representing the criminals responsible for the theft. To date, there is no indication the thieves will ever be identified and apprehended. If TA is found liable and the thieves are later arrested, TA will be able to bring an action for indemnification or contribution at that time. To add unidentified John Doe defendants to this action at this time would overly complicate and delay the discovery process and trial.

At oral argument on April 6, 2010, an agreement was reached not to implead one or more Johnson & Johnson companies ("the J&J Entities") that manufactured the pharmaceuticals in question, sold them to the purchasers, and contracted with a common carrier for delivery to the purchasers. Per the agreement, the Court will determine at a

later date, on the facts and the law in this case, whether the J&J Entities can be found comparatively negligent in the cargo losses as a matter of law. If the Court so determines, the jury will be asked to determine what, if any, percentage of fault is attributable to the seller of the goods, i.e. to the J&J Entities collectively. (See Transcript of April 6, 2010 Conference.)

The only question remaining before the Court is whether to permit TA to implead Prime, Inc. ("Prime"), the trucking company in charge of the delivery of the two pharmaceutical shipments at issue. TA argues that Prime, through its agents, maintained exclusive control over the shipments at the time they were stolen, one in Tennessee and one in Ohio. Therefore, TA argues, in the event it is held liable to Royal Sun, it is entitled to indemnification and/or contribution from Prime.

## II. Discussion

In determining whether to grant leave to interplead pursuant to Rule 14, the Court considers four factors: "(i) whether the movant deliberately delayed or was derelict in filing the motion; (ii) whether impleading would unduly delay or complicate the trial; (iii) whether impleading would prejudice the third-party defendant; and (iv) whether the third-party complaint states a claim upon which relief can be granted." Too, Inc. v. Kohl's Dep't Stores, Inc., 213 F.R.D. 138, 140 (S.D.N.Y. 2003).

As a threshold matter, TA moved to add additional parties before February 15, 2010 – the deadline to amend the pleadings and add parties as pursuant to the Court's scheduling order, as modified on December 14, 2009. Further, there are still over two and a half months remaining before the previously-set deadline to complete fact

discovery.  Under these circumstances, TA's motion is not the product of deliberate or undue delay.

It is undisputed that Prime and its agents were directly involved in the two cargo shipments at issue.  It is equally clear that the two shipments were in the custody, care and control of Prime at the time they were stolen.  Prime and its drivers who were in charge of the two shipments will be involved with this litigation, whether as parties or as witnesses.  Prime's addition as a party will not overly complicate discovery, nor will it delay or complicate a trial.  Because Prime has been aware of the cargo thefts since they occurred and Prime will be involved in the discovery for this case regardless of the outcome of this motion, Prime would not be unfairly prejudiced by being joined as a party.  Therefore, the sole remaining issue is whether a third party complaint against Prime states a claim on which relief may be granted.

Royal Sun claims it has settled any claim it has against Prime, including any potential tort claims, and Prime, as a settling tortfeasor, is not subject to a contribution action or subject to joinder by TA.  See Tenn. Code Ann. § 29-11-105.

Royal Sun's argument, relying on § 29-11-105, that any claim against Prime is not viable is unavailing.  First, it appears that Prime did not "settle" a tort claim, but rather paid their contractual damage limitation of $250,000 per lost shipment.  TA correctly points out that – as a non-party to the contract – it cannot be bound by the contract between the shipper and the carrier.  Nothing in a contractual liquidated damages clause between Prime and JOM will bar an otherwise appropriate right of indemnification or right to a determination of comparative fault.

Royal Sun's position is that (1) Prime should not be joined in this case; (2) TA is barred by law from seeking contribution or indemnification from Prime; and (3) any award against TA is set off only by the settling *amount* and not the percentage of fault fairly attributable to Prime.  Royal Sun's position is inequitable because Royal Sun's view of the law:  (i) creates the possibility of liability for TA over and above its relative share of fault with no possible recovery against Prime; and (ii) creates the possibility of double-recovery by Royal Sun.

Second, and more importantly, the statutes and case law relied on by Royal Sun for its position that Prime is released as a settling tortfeasor are no longer good law.

**A.  Tennessee Law**

In 1992, Tennessee moved to a system of comparative fault.  McIntyre v. Balentine, 833 S.W.2d 52, 56 (Tenn. 1992).  In doing so, the Supreme Court of Tennessee recognized that the adoption of comparative fault "renders the doctrine of joint and several liability obsolete."  Id. at 58.  The court in McIntyre further noted that:

> because a particular defendant will henceforth be liable only for the percentage of a plaintiff's damages occasioned by that defendant's negligence, situations where a defendant has paid more than his 'share' of a judgment will no longer arise, and therefore the Uniform Contribution Among Tort-feasors Act, [Tenn. Code Ann.] §§ 29-11-101 to 106 (1980), will no longer determine the apportionment of liability between codefendants.  Id.[1]

Finally, the Supreme Court of Tennessee has held that a defendant may raise, as an affirmative defense, the fact that the negligence of another party or a nonparty was the cause of or a contributing factor to the damage for which

---

[1] It is bewildering that the parties did not bring to the Court's attention the fact that Tenn. Code Ann. § 29-11-105 has been rendered obsolete, particularly given that one of the cases cited by the parties explicitly recognizes that this statute does not apply to causes of action accruing after 1992.  Bass v. Janney Montgomery Scott, Inc., 210 F.3d 577, 591 (6th Cir. 2000) ("[Tenn. Code Ann. § 29-11-105] was rendered obsolete in 1992 by Tennessee's adoption of a system of comparative fault").

4

recovery is sought, and in cases where such a defense is raised with respect to a nonparty, "the trial court shall instruct the jury to assign this nonparty the percentage of the total negligence for which he is responsible." Id.

**B. Ohio Law**

Ohio employs a modified system of comparative fault. One defendant will only be held jointly and severally liable for all compensatory damages that represent economic loss only if the trier of fact determines that more than fifty percent of the tortious conduct is attributable to that defendant. Ohio Rev. Code Ann. § 2307.22(A)(1). Any defendant to whom the trier of fact attributes fifty percent or less of the tortious conduct is liable to the plaintiff for only that defendant's proportionate share of the compensatory damages that represent economic loss. Id. §§ 2307.22(A)(2),(B). As in Tennessee, a defendant in an Ohio tort action is permitted to assert the affirmative defense that some or all of the tortious conduct that proximately caused the plaintiff's injury is attributable to a nonparty, and the trier of fact assigns the percentage of tortious conduct that proximately caused the injury attributable to each party and to each nonparty. Id. § 2307.23(A)(2),(C).

The Ohio cases cited by Plaintiff in support of the point that a settling tortfeasor's liability is fixed and may not be apportioned are unpersuasive. First, the cases rely on particular statutes (specifically, Ohio Rev. Code Ann. §§ 2307.32 and 2307.33) in reaching the conclusions relied on by Plaintiff. See Kane v. O'Day, No. CV 2003-10-5665, 2007 WL 518376, at *3 (Ohio Ct. App. Feb. 21, 2007); In re Miamisburg Train Derailment Litig., 725 N.E.2d 738, 748 (Ohio Ct. App. 1999). Those statutes have been

repealed.[2]  Second, regardless of whether TA will be entitled to a set off or contribution from Prime after judgment, Ohio Rev. Code Ann. §§ 2307.22-23 require that comparative fault percentages be assigned by the jury prior to the entry of judgment, whether or not third parties are joined.

## C.  Contribution and Indemnity Claims by TA against Prime

Plaintiff argues that TA will not have a viable contribution claim against Prime.  Plaintiff is partially correct, but not – as Plaintiff asserts – because TA is barred from attributing a share of the fault to Prime as a settling tortfeasor.  Rather, under both Tennessee and Ohio law, the trier of fact will assign the appropriate percentage of fault to any applicable party or nonparty.

Under Tennessee law, TA will necessarily have no contribution claim against Prime because TA cannot be held jointly and severally liable.

Under Ohio law, TA will only be held jointly and severally liable if it is found to be responsible for over fifty percent of the tortious conduct proximately causing Royal Sun's damages from the Ohio theft.  Because there is a possibility that TA could be held jointly and severally liable as to the damages resulting from the Ohio theft, the Court cannot determine now that TA's proposed contribution claim against Prime does not state a claim upon which relief can be granted.[3]  Therefore, with respect to TA's proposed contribution claim against Prime, TA's motion for leave to implead is granted.

---

[2]  Once again, it is odd that Plaintiff cited these cases to this Court, given that the Kane opinion itself noted that the statute relied upon in support of Plaintiff's position, Ohio Rev. Code Ann. § 2307.32, is only applicable to causes of action accruing prior to April 9, 2003.  Kane, 2007 WL 518376, at *2 n.1.

[3]  Specifically, the largest possible contribution claim that TA could accrue would occur if the jury found TA 51% at fault for the Ohio theft and Prime 49% at fault.  Under Ohio law, TA would be held jointly and severally liable for the full 100% of damages arising from the Ohio theft.  Because the jury found that TA was at fault for 51%, TA would be compelled to "overpay," with the overpayment equal to 49% of the damages from the Ohio theft awarded by the jury.

6

It is worth noting, however, that the release provided by Royal Sun to Prime related to the Ohio theft lists the "Claim Amount" as $504,319. (Declaration of Thomas M. Eagan submitted in opposition to TA's motion to implead, Ex. 11.) Therefore, any contribution claim TA may have against Prime – at most, 49% of the Ohio damages (see supra, footnote 3) – will be a small percentage of the total recovery sought in this action.

As for TA's proposed indemnity claim against Prime, that cause of action is mooted by the operation of the comparative fault principles the Court will employ pursuant to Tennessee and Ohio law. TA will only have an indemnity claim against Prime if Prime is found to be 100% at fault for TA's damage liability to Royal Sun. If that occurs, the jury will attribute 100% of the tortious conduct to Prime and TA will not be liable to Royal Sun in this action.

### III.  Conclusion

For the reasons stated herein, Defendant's motion for leave to implead third party defendants is granted with respect to Prime and denied with respect to all other proposed third party defendants, with the understanding that, pursuant to Tennessee and Ohio state law, and assuming a sufficient basis in fact in the record, the Court will direct the jury to assign the percentage of fault attributable to all parties to this action and any applicable nonparties in connection with its verdict.

In view of the smaller damages attributable to the Ohio claim, as listed in Royal Sun's release to Prime, in lieu of impleading Prime, the parties might agree to a stipulation that would moot any potential contribution claim by TA against Prime.[4] If the

---

[4] For example, if Royal Sun were to stipulate that the maximum damages it seeks from the Ohio theft are $504,319 and stipulate that if TA is found to be more than 50% at fault (and thus jointly and severally liable) for damages from the Ohio theft, TA will be entitled to a set-off of up to $250,000 based

7

parties agree to a stipulation that will avoid the need to join Prime in this action, they should so advise the Court by April 16, 2010. If no stipulation is reached, TA shall file its amended answer and third party complaint against Prime after April 16, 2010 but no later than April 23, 2010.

IT IS SO ORDERED.

Dated: New York, New York
April 9, 2010

Robert P. Patterson, Jr.
U.S.D.J.

Copies of this order were faxed to:

*Counsel for Plaintiff:*

David Thomas Maloof
Thomas Mark Eagan
Maloof Browne & Eagan LLC
411 Theodore Fremd Avenue, Suite 190
Rye, NY 10580
Fax: (914) 921-1023

*Counsel for Defendant:*

Justin Nolan Kinney
Coughlin Duffy LLP
88 Pine Street, 5th Floor
New York, NY 10005
Fax: (212) 480-3899

Jennifer B. Furey
Cooley Manion Jones LLP
21 Custome House Street
Boston, MA 02110-3536
Fax: (617) 737-0374

---

on the amount already paid by Prime, any overpayment by TA would be set off in its entirety and TA would no longer have a potential contribution claim against Prime.