UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROYAL SUN ALLIANCE INSURANCE PLC,

                       Plaintiff,                  09 CV 5586 (RPP)

    - against -

                                                         **OPINION AND ORDER**

TA OPERATING LLC,

                       Defendant.

------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

       On May 5, 2011 Defendant TA Operating LLC ("TA") moved for clarification or reconsideration of this Court's April 21, 2011 Opinion and Order pursuant to Local Rule 6.3.  TA seeks clarification or reconsideration of "whether the Court held that TA's duty is a question of law for which it has reserved judgment until trial or whether the Court considers this determination to be a question for the jury."  (TA's Mem. in Supp. at 1.)  TA also seeks certification to the Second Circuit pursuant to 28 U.S.C. § 1292(b).

       On June 7, 2011, Plaintiff Royal Sun Alliance Insurance, PLC ("RSA"), moved for a ruling "that the jury instructions on damages (i) be based on federal law and (ii) include a joint and several liability instruction pursuant to the Supremacy Clause of the United States Constitution."  (Pl.'s Mot. at 1.)

       While Defendant's and Plaintiff's motions involve distinct issues, in the interest of efficiency they are both decided herein.

## BACKGROUND

       The factual background giving rise to this case was set forth in detail in the Court's April 21, 2010 Opinion and Order, and familiarity with those facts is presumed.

To summarize briefly, this case arose out of two thefts of pharmaceuticals from truck stops operated by Defendant TA in 2008. Plaintiff Royal Sun Alliance ("RSA") insured the two cargo shipments, and on June 18, 2009 filed this cause of action accusing TA of negligence in conjunction with the May 6, 2008 theft of pharmaceuticals from TA's location in Antioch, Tennessee and the July 16, 2008 theft of pharmaceuticals from TA's location in Jeffersonville, Ohio. (Compl. ¶¶ 11, 16.) On October 15, 2010, TA moved for summary judgment, claiming, among other things, that RSA's negligence claims were barred because TA owed Plaintiff no duty of care under either Ohio or Tennessee law. In its April 21, 2010 Opinion deciding this summary judgment motion, this Court dismissed RSA's claims with regard to the July 2008 theft at TA Jeffersonville, holding that RSA failed to establish that that theft was foreseeable under Ohio law and therefore no duty was owed by TA. Conversely, the Opinion permitted RSA's negligence claims with regard to the March 2008 theft at TA Antioch to proceed, on finding that, under Tennessee law, TA did owe a duty to the owners of cargo that moved through its facilities to provide reasonable protection against foreseeable thefts.

    I.    <u>Reconsideration and/or Clarification Under Local Rule 6.3</u>

TA now requests, with regard to the Court's denial of summary judgment as to the Tennessee theft, "clarification and/or reconsideration of whether the Court held that TA's duty is a question of law for which it has reserved judgment until trial or whether the Court considers this determination to be a question for the jury." (Pl.'s Mem. in Supp. at 1.) TA also requests certification to the Second Circuit of the question of "whether the duty of a business owner to protect customers on its property from the foreseeable criminal acts of third parties should be expanded to include an additional

class of plaintiffs, specifically a duty to protect customers of those customers, who themselves have never entered the subject property." (Id.)

For the reasons stated below, TA's motion for clarification is granted herein, while its motions for reconsideration and certification to the Second Circuit are denied.

Where "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," a motion for reconsideration is appropriate. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Secs., LLC, 617 F. Supp. 2d 216, 219 (S.D.N.Y. 2009). The "motion is not a vehicle for 'presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.''" Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)). With respect to TA's motion for clarification, "clarification of a prior order is within the sound discretion of the Court." A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 126 F. Supp. 2d 328, 334 (S.D.N.Y. 2001).

II.   TA's Duty to Protect Plaintiff's Subrogors from Foreseeable Criminal Acts of Third Parties

In its brief in support of summary judgment, TA argued that RSA's negligence claims were legally barred for two reasons. First, TA argued that it categorically does not owe a duty of care to parties who are not its direct customers. Second, TA contended that the Tennessee theft at issue was not foreseeable, and that therefore it did not owe Plaintiff's subrogors a duty to protect against the theft under Tennessee law.

3

In the May 21 Opinion and Order, the Court held that TA owes a duty of reasonable care to the owners of cargo that is transported through its facilities, despite the fact that such owners are not direct customers of TA.[1]  As the Court explained, "TA benefits from the movement of cargo bearing trucks in and out of its facilities, and knew that in the ordinary course of business, truckers carrying potentially valuable cargo would be likely to use the stop," and moreover that "TA was undoubtedly aware that the truck drivers using its facilities were being paid by the cargo's shipper or recipient, either of whom could be the cargo's owner at the time of the theft."  (May 21, 2011 Opinion and Order at 9.)  The Court then applied the general principal that a business has a duty to protect customers from foreseeable criminal acts, as set forth by the Tennessee Supreme Court in McClung v. Delta Square Ltd. P'ship, 937 S.W.2d 891, 902 (Tenn. 1996), to cover injured parties in a position such as Plaintiff; parties who are not direct customers, but are foreseeable victims and who indirectly confer a business benefit on the Defendant.  By paying truckers to transport cargo, companies such as Plaintiff's subrogors provide Defendant with customers who will use the many services that TA's truck stops provide, and thereby generate profits for TA.  TA was aware that its customers—interstate truck drivers—were patronizing TA's Antioch location, which is located just off of Interstate Highway 24, in conjunction with their duties as carriers of cargo belonging to third parties.  Indeed, TA's business is entirely focused on fulfilling the specific needs of interstate truckers as they transport cargo, including by providing showers, truck scales, maintenance facilities, and overnight accommodations.  (Eagan

---

[1] TA does not explicitly request reconsideration or clarification of this holding, but a discussion is included in the interest of completeness.

4

Decl. dated Nov. 12, 2010, Ex. 29.)  Therefore, TA's duty of reasonable care extends to the owners of the cargo that TA's truck driver customers are employed to transport.

The Court next addressed TA's second argument regarding the foreseeability of the theft.  The Court now clarifies its May 21 Opinion and Order and expressly holds that the cargo theft at the Antioch, Tennessee facility was sufficiently foreseeable to TA so that TA had a duty to take reasonable care to protect the owners of cargo in trucks parked on its premises from such thefts.

As the first element of a negligence cause of action, "duty…is the legal obligation of a defendant to conform to a reasonable person's standard of care in order to protect against unreasonable risks of harm." Giggers v. Memphis Hous. Auth., et al., 277 S.W.3d 359, 364 (Tenn. 2009) (citing Burroughs v. Magee, 118 S.W.3d 323, 328-29 (Tenn. 2003).

TA's motion requires consideration of which issues relating to the duty element of a negligence claim are properly decided by the court and which are left for the jury under Tennessee law.  Traditionally, whether a defendant owes a duty of care is a question of law for the courts. McClung, 937 S.W.2d at 894 (Tenn. 1996).  However, "[a] court's function is more limited than a jury's. As a practical matter, a court serves as a gate-keeper and may exclude a claim only if it finds, as a matter of law, that the defendant does not owe a duty to the plaintiff.  For claims that should not be excluded as a matter of law, it is ultimately the jury's function to determine whether the defendant actually breached its duty of reasonable care." Satterfield v. Breeding Insulation Co., 266 S.W.3d 347, 368 (Tenn. 2008).  See also West v. E. Tenn. Pioneer Oil Co., 172 S.W.3d 545, 550 (Tenn. 2005).  In other words, "the question of what steps, if any, are required by the duty

5

of reasonable care will inevitably depend on the facts of individual cases and should be left to the finder of fact, not the courts." Giggers, 277 S.W.3d at 371.

In evaluating the duty owed by TA in the May 21 Opinion and Order, this Court applied the Tennessee Supreme Court's test, established in McClung, which considered the issue of when business and property owners can be held liable for the criminal acts of third parties, and held that while businesses are not insurers of their customers' safety, they have a duty to take reasonable steps to protect their customers from foreseeable criminal attacks. McClung, 937 S.W. 2d at 902. As noted in a another Tennessee Supreme Court opinion, the balancing approach adopted in McClung "blurs the line between the trial court's function in determining duty and the jury's function in determining negligence." Staples v. CBL & Assoc., 15 S.W.3d 83, 93 (Tenn. 2000) (Holder, J., concurring). This is because the McClung test requires the court to evaluate the foreseeability of the harm complained of in making the determination of whether the defendant owed the injured plaintiff a duty of care. The jury, however, also has a role in evaluating foreseeability when it determines whether the Defendant's actions were negligent. Thus, foreseeability is a consideration for both the court and the jury. Patterson-Khoury v. Wilson World Hotel-Cherry Road, Inc., 139 S.W.3d 281, 287 (Tenn. Ct. App. 2003) ("[E]vidence of crime in the vicinity is an element which may establish foreseeability, which must be considered by the jury in determining whether the defendant has breached its duty of care. According to the approach adopted in McClung, however, the foreseeability of criminal acts must, in the first instance, be considered by the court to determine, as a matter of law, the scope of the duty owed"); Satterfied, 266 S.W.3d at 367 ("For the purpose of determining whether a duty exists, the court's

consideration of foreseeability is limited to assessing whether there is some probability or likelihood of harm that is serious enough to induce a reasonable person to take precautions to avoid it").

In order to determine the duty of care, McClung imposed a balancing test, requiring courts to weigh the foreseeability and gravity of harm to the plaintiff against the burden of protecting against that harm. Id. In evaluating the foreseeability of a criminal attack, McClung requires consideration of the location, nature, and extent of previous criminal activities and their similarity, proximity, or other relationship to the crime giving rise to the cause of action. Id.

The April 21, 2011 Opinion and Order evaluated the evidence of past criminal activity, including two trailer thefts and one vehicle theft, that occurred at the TA Antioch Facility in the eighteen months prior to the theft at issue here. (Opinion and Order at 11-12.) The Opinion then balanced the evidence pointing toward foreseeability and the gravity of harm against the burden of protecting against it. (Id. at 13.) As the Opinion explained, the harm involved in the theft at Antioch amounts to a theft of over $4 million in pharmaceuticals. (Id.) The loss is thus not insubstantial. Moreover, the burden of protecting against such a loss does not outweigh the harm incurred. Several forms of additional security that were not in use at the Antioch location, including exterior security guards and controlled parking through the use of a ticketing system, are in use at several other TA facilities. TA's use of such features at other locations indicates that implementation of additional security measures is feasible, and that the cost of doing so is not an insurmountable burden. (Id.)

7

The Opinion concluded that "[t]he harm at issue is substantial enough for a reasonable jury to decide that TA had a duty to provide greater protection against such cargo thefts and should be held liable." (Id.)  Thus, the Court found that adequate evidence had been presented to demonstrate that TA owed Plaintiff a duty of reasonable care, and that the question of whether TA fulfilled its duty remained for the jury. Giggers, 277 S.W.3d at 366 ("When and if the trial court determines that the foreseeability of the harm and its particular gravity outweigh the burden of taking reasonable protective measures, the question of 'duty and of whether defendants have breached that duty. . . is one for the jury to determine based upon the proof presented at trial.'") (quoting McClung, 937 S.W.2d at 904).

Courts must be careful not to overstep into the province of the jury and opine on whether defendants breached their duty of care after finding it exists. See Staples, 15 S.W.3d at 91.  This careful delineation of roles is reflected by the jury instructions employed by the Tennessee trial court in Patterson-Khoury v. Wilson World-Cherry Road, Inc., No. 57234-T.D., which were attached to TA's Reply Brief as Exhibit A.  In these jury instructions, the court "instruct[s the jury] that the State of Tennessee has determined as a matter of law that business owners, such as [the Defendants] . . . owe a duty to patrons . . . to take reasonable and ordinary care to protect patrons from the criminal attacks of third persons if those criminal acts are reasonably foreseeable." (Def.'s Reply Mem., Ex. A at 1).  The court then instructs the jury that "in determining whether [the defendant] took reasonable care under the circumstances, the foreseeability of the harm and the seriousness of the potential harm must be balanced against the burden imposed upon the premises owners…to protect patrons from that harm." (Id.)

8

Thus, at trial, the Court will similarly instruct the jury that, as to the first element of a negligence claim, Defendant TA owed Plaintiff a duty of reasonable care, but that it is up to the jury to determine whether or not TA took reasonable care, by weighing the foreseeability and the seriousness of the potential harm resulting from cargo theft against the burden imposed on TA to protect cargo owners from theft.

To reiterate, the Court has held that TA did owe a duty of reasonable care to Plaintiff's subrogors, because the foreseeability and gravity of harm outweighed the potential burden upon TA of protecting against that harm. The remainder of the negligence analysis will be conducted by the jury at trial.

The Court thus grants TA's motion for clarification, and such clarification has been provided herein. As to the motion for reconsideration, TA has not pointed to controlling decisions or data that the Court overlooked, and the holding that TA owed a duty of reasonable care to protect Plaintiff's subrogors from foreseeable thefts at its Antioch facility stands.

### III.   Certification to the Second Circuit Under 28 U.S.C. § 1292(b)

Defendant TA also moves for certification to the Second Circuit pursuant to 28 U.S.C. § 1292(b) of the question "whether the duty of a business owner to protect customers on its property from the foreseeable criminal acts of third parties should be expanded to include an additional class of plaintiffs, specifically a duty to protect customers of those customers [owners of cargo], who themselves have never entered the subject property[?]" (Def.'s Mem. in Supp. at 1.)

Section 1292(b) provides, in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order

9

> involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he should so state in writing in such order.

28 U.S.C. § 1292(b). See also Mullins v. City of New York, No. 04 Civ. 2979 (SAS), 2008 WL 118369 at *1 (S.D.N.Y. Jan. 10, 2008) (identifying three elements as relevant to the consideration of whether to certify an order for appeal; whether the underlying order 1) involves a controlling question of law, 2) as to which there is a substantial ground for difference of opinion and 3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation.)

"Interlocutory appeals under Section 1292(b) are an exception to the general policy against piecemeal appellate review embodied in the final judgment rule, and only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" Martens v. Smith Barney, Inc., 238 F. Supp. 2d 596, 599 (S.D.N.Y. 2002) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)). "Because piecemeal litigation is generally discouraged, the Court of Appeals has repeatedly emphasized that a district court is to 'exercise great care in making a § 1292(b) certification.'" Id. at 599-600 (quoting Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp., 964 F.2d 85, 89 (2d Cir.1992)).

Defendant has failed to demonstrate that this case meets the high bar that would entitle it to an interlocutory appeal. A critical requirement for the grant of an interlocutory appeal is a finding that such appeal has the potential to substantially accelerate the disposition of the litigation. Primavera Familienstifung v. Askin, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001). This case is scheduled for trial in mid-July, and after trial a final judgment will be issued. At that time, all issues presented by this matter will

be subject to appeal.  Moreover, denying TA's motion for interlocutory appeal will preserve the trial date and ensure that this litigation proceeds in an expedient fashion. Defendants have not demonstrated that an interlocutory appeal would accelerate the disposition of this litigation, and "[a]s § 1292(b) requires that each of the three criteria be satisfied, denial of the motion would be appropriate even if the other two criteria were met." Id. at 573.

> IV.   Plaintiff's Motion for a Ruling that the Jury Instructions on Damages Be Based on Federal Law and Include a Joint and Several Liability Instruction Pursuant to the Supremacy Clause of the United States Constitution

Plaintiff requests that this Court issue jury instructions on damages based on federal law and accordingly to include an instruction on joint and several liability. Plaintiff's motion is an attempt to relitigate issues that have already been decided and wholly mischaracterizes the law that applies to this case, and accordingly is denied.[2]

"State law controls where parties seek to recover for the loss of goods by third-parties who were not part of the contract for carriage." Great Amer. Ins. Co. of New York v. TA Operating Corp., No. 06 Civ. 13230 (WHP), 2008 WL 5335317 at *4 (S.D.N.Y. Dec. 8, 2008) (holding that federal law governed liability and damages for all of the plaintiff's claims against Prime, Inc., the trucker, but that state law governed liability and damages for plaintiff's negligence claims against non-carrier third party TA Operating Corp.)  Here, as Plaintiff is fully aware, TA was not a party to the contract for carriage between Plaintiff and Prime, Inc., and therefore state law controls.  See id.

---

[2] The Court notes that in their July 19, 2010 Motion for Clarification, Plaintiff urged this Court to apply Tennessee law and find that TA can be held jointly and severally liable, whereas now it argues that federal law, and not Tennessee law, governs this question.  Moreover, at oral argument before this Court on April 6, Plaintiffs counsel asserted that their position was that state law, and not federal law, apples. (April 6, 2010 Tr. at 28-29.)

11

Where there is a question as to damages on a state law claim, "this Court looks to the choice of law principles of the forum state," to determine what law applies. Franklin v. Liberty Mutual Ins. Co., No. 08 Civ. 7120 (DAB), 2010 WL 5758984 at *3 n.3 (S.D.N.Y. Oct. 22, 2010). New York courts have adopted a flexible choice of law approach and "seek to apply the law of the jurisdiction with the most significant interest in, or relationship to, the dispute." Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1539 (2d Cir. 1997). Tennessee has the strongest relationship to this dispute, because the alleged tort took place in Tennessee and the cargo in question was bound for a recipient located in Tennessee. See White Plains Coat & Apron Co., Inc. v. Cintas Corp., 460 F.3d 281, 284-85 (2d Cir. 2006) (applying New York law "where the vast majority of the alleged harm occurred" in New York). Therefore, Tennessee law governs liability and damages in this case.

Plaintiff characterizes its claim as an "interstate cargo claim theft" claim of an "inherently federal nature." (Id. at 4-5.) Plaintiff also asserts that "federal law should be applied where, as in this case, state law is silent on an issue;" and that because "[w]hen it comes to interstate cargo claims, Tennessee has no directly applicable damages law," federal law must govern the damages instructions in this case. (Pl.'s Mot. at 1.)

Plaintiff mischaracterizes its claims against TA in several respects. First, while Plaintiff attempts to positions its claims as federal in nature, its Complaint asserts state law negligence claims. (See Compl., No. 09 Civ. 5586, ECF No. 1.) This was established in the April 21, 2011 Opinion and Order, as well as in several other Orders filed in this case. (See April 9, Opinion and Order, No. 09 Civ. 5586, ECF No. 46 at 4-5 (applying Tennessee negligence law to Plaintiff's claims and finding that TA cannot be

12

held joint and severally liable); August 27, 2010 Order ("The Court's prior rulings were based on the understanding that based on the Complaint the evidence would show that Plaintiff's claims were negligence claims.")) The Complaint does not assert any claims against TA arising under federal law.[3] (See Compl., No. 09 Civ. 5586, ECF No. 1.)

Second, RSA argues that "federal law permits the imposition of joint and several liability on multiple claims, one of which arises, as here, under the Carmack Amendment." (Pl.'s Mot. at 6.) This argument is bewildering, because Plaintiff does not, in fact, assert any claims arising under the Carmack Amendment in its Complaint. (See Compl., No. 09 Civ. 5586, ECF No. 1.)

The Carmack Amendment, enacted in 1906, "governs the liability of common carriers for loss or damage to goods shipped or transported in interstate commerce." Calka v. North American Van Lines, Inc., No. 00 Civ. 2733(AGS), 2001 WL 434871, at *2 (S.D.N.Y. Apr. 27, 2001) (internal citations and quotations omitted). Plaintiff does not and could not assert a claim against TA pursuant to the Carmack, because TA is not a carrier and therefore is not covered by the Carmack Amendment.[4]

As Plaintiff notes in their motion, the only party as to which Plaintiff could have brought a claim under the Carmack Amendment is Prime, Inc., the carrier of the stolen cargo. (Pl.'s Mot. at 3.) However, "Plaintiff settled the federal claim with Prime for $250,000 pre-litigation." (Id.) The Complaint does not assert any causes of action

---

[3] To be clear, Plaintiff's Complaint asserts two causes of action with regard to the theft from TA's facility in Antioch. "First Cause of Action – Breach of Bailment and/or Other Property Owner/Premises Liability or Implied Contract Obligation," and "Second Cause of Action – Tort Claims: Negligence, Gross Negligence, Material Deviation, Recklessness and/or Willfulness." (Compl. at 8-9.)

[4] AIOI Ins. Co. v. Timely Integrated, Inc., No. 08 Civ. 1479 (TPG), 2008 WL 247402 at *2 (Carmack Amendment applies to carriers only); 49 U.S.C. § 13102(2) ("The term 'carrier' means a motor carrier, a water carrier, and a freight forwarder"); 49 U.S.C. § 13102(14) ("Motor carrier means a person providing motor vehicle transportation for compensation").

against Prime.[5]  (Compl.)  While Plaintiff is correct that federal law would govern a Carmack Amendment claim against Prime, that is simply not the claim Plaintiff has asserted in this case, as Plaintiff, as drafter of the Complaint, is presumably aware.

There is controlling Tennessee law that governs the apportionment of liability in premises liability cases such as this case.  As stated in the Court's April 9, 2010 Opinion and Order granting, in part, TA's motion to implead third party defendants, the Tennessee Supreme Court in McIntyre v. Balentine, 833 S.W.2d 52, 56 (Tenn. 1992) abolished joint and several liability and implemented a system of comparative fault.

Plaintiff's motion for jury instructions as to federal law on damages and joint and several liability is denied. The jury will be instructed to apply Tennessee's law on damages, including its comparative negligence rule, when evaluating TA's liability.

## CONCLUSION

Defendant TA's motion for clarification is granted, and such clarification is provided herein.  The Court has held that TA did owe a duty of reasonable care to protect the cargo owners, and by extension, Royal Sun as their insurer, from foreseeable thefts on its premises.  It is for the jury, however, to consider in view of the evidence whether TA failed to meet the standard of reasonable care.  TA's motion for reconsideration is denied. The motion for certification to the Second Circuit is also denied in view of the approaching trial date and the goal of obtaining an expedient resolution to this matter. Plaintiff's motion for a jury instruction regarding the federal law of damages and joint and several liability is also denied.

---

[5] Notably, "[i]t is. . . well settled that Congress [. . . ] intended the Carmack Amendment to preempt all state law claims against interstate carriers for loss or damage to goods during shipping." Travelers Indem. Co. of Illinois v. Schneider Specialized Carriers, Inc., No. 04 Civ. 5307 (RJH), 2005 WL 351106 at *3 (S.D.N.Y Feb. 10, 2005).

Pursuant to the October 13, 2010 Order in this case (No. 09 Civ. 5586, ECF. No. 79), the Joint Pretrial Order was due 30 days following the decision on the summary judgment motions, i.e. May 21, 2011. In view of the approaching trial date, the parties are directed to submit the Joint Pretrial Order and any motions in limine by Wednesday, June 22, 2011.

IT IS SO ORDERED.

Dated: New York, New York
       June 15, 2011

Robert P. Patterson, Jr.

U.S.D.J.

Copies of this order were faxed to:

*Counsel for Plaintiff:*

David Thomas Maloof
Thomas Mark Eagan
Maloof Browne & Eagan LLC
411 Theodore Fremd Avenue, Suite 190
Rye, NY 10580
(914) 921-1200
Fax: (914) 921-1023


*Counsel for Defendant:*

Justin Nolan Kinney
Coughlin Duffy LLP (NYC)
88 Pine Street, 28th Floor
New York, NY 10005
(212)-483-0105
Fax: (212)-480-3899

15